

# Pinckney, Weidinger, Urban & Joyce LLC

2 Mill Road, Suite 204❖Wilmington, Delaware 19806
Telephone (302) 504-1497❖Facsimile (302) 442-7046

Megan Ix Brison
(302) 485-0835
mixbrison@pwujlaw.com

February 28, 2024

**VIA CM/ECF FILING**

The Honorable Gregory B. Williams
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26, Room 6124
Wilmington, DE 19801-3555

      **RE: *Foltz et al v. Delaware State University*; Case No. 1:10-cv-00149-GBW**

Dear Judge Williams:

      The parties are in receipt of Your Honor's February 21, 2024 Oral Order (D.I. 94) advising that the Court will close the above-captioned case unless the parties jointly provide a status report advising the Court otherwise on or before March 8, 2024.  Please accept this as the parties' joint status report.

      The parties request that the Court keep the case open so that if a dispute arises, the parties are able to seek judicial intervention pursuant to Paragraphs 20-21 of the Revised Consent Decree ("RCD") approved on September 19, 2022 by Magistrate Judge Thynge. (D.I. 189).  If a "case closed" designation will not impact the parties' ability to seek judicial intervention, the parties do not object to the case being administratively closed pending the eventual dismissal of Plaintiffs' claims.

      With respect to case status, the RCD provides for a maximum term of seven (7) years, with the potential for termination within less than five (5) years from the entry of the RCD.  This case continues to be very active as Defendant Delaware State University ("DSU") addresses multiple obligations set forth in the RCD and Plaintiffs review and assess athletic participation based on documentation submitted to Plaintiffs by DSU.  DSU's obligations include adding two new women's varsity teams within five years (or seven, if a 60/40 ratio of female to male athletes is not met) of approval of the RCD, with the second team ready to compete by preseason of the 2026-27 academic year. (RCD ¶¶ 5-10), annually providing Plaintiffs with extensive documentation of athletic participation, (RCD ¶12) and conducting an additional investigation

The Honorable Gregory B. Williams
February 28, 2024
P a g e | 2

into women's high school sports and a survey of athletic interests and abilities of current DSU current and admitted female students in the third year of the term of the RCD. (RCD ¶¶13-14).

While this case activity is currently proceeding without judicial intervention, the RCD's dispute resolution procedure for resolving compliance disagreements could require Court intervention. (RCD ¶¶ 20, 21). Paragraph 21 of the RCD specifically provides that this Court "retains jurisdiction for matters relating to this [RCD]." Plaintiffs have used this dispute resolution process several times over the course of the prior consent decree. While the parties hope that they won't have to pursue dispute resolution under this RCD, it is possible that further disputes may arise that require Court intervention until the claims of Plaintiffs are dismissed, which is expected within 4 and a half to 6 and a half years. (RCD ¶21-22).

Accordingly, the parties request that the case remain open if such designation is necessary for the parties to seek judicial intervention should the need arise. If the parties are still able to seek judicial intervention pursuant to the RCD despite a "case closed" designation, the parties defer to the Court's determination with respect to closing the case pending the eventual dismissal of Plaintiffs' claims. Counsel is available should Your Honor have any questions.

Respectfully,

*Megan Ix Brison*

Megan Ix Brison, Esquire (DE No. 6721)

cc:  Elizabeth Wilburn Joyce, Esq. (via CM/ECF)
     Terry L. Fromson, Esq. (via CM/ECF)
     Adam E. Gersh, Esq. (via CM/ECF)
     Kathleen Furey McDonough, Esq. (via CM/ECF)
     Carla M. Jones, Esq. (via CM/ECF)